NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 28 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSICA M. HARMS,

            Plaintiff-Appellant,

    v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

            Defendant-Appellee.

No.    15-35117

D.C. No. 6:13-cv-01585-AA

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted June 26, 2017**

Before:  NELSON, TROTT, and OWENS, Circuit Judges.

    Jessica Harms appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for supplemental

security income under Title XVI of the Social Security Act.  We have jurisdiction

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo, *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012), and we affirm.

An examining psychologist's and a reviewing psychologist's recommendations regarding a supportive work setting did not amount to concrete work-related limitations in function that the administrative law judge ("ALJ") was required to include in his finding of the claimant's residual functional capacity. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009) (holding that the ALJ properly excluded doctor's non-imperative recommendation from residual functional capacity).

The ALJ followed the required two-step analysis in finding that Harms's statements regarding her symptoms were "not entirely credible," and he provided a specific, clear and convincing reason by explaining that the claimant's testimony was contradicted in part by evidence of her activities of daily living.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014).  Substantial evidence, including evidence of such activities as driving children to school and shopping, supports the ALJ's finding that Harms had the residual functional capacity to work in an environment with a limited amount of social interaction. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (holding that, in reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and her daily activities).

Any error in the ALJ's evaluation of a lay witness's statements was harmless. The lay statements described many of the same limitations as Harms's own testimony, and the ALJ's reason for rejecting the claimant's testimony—inconsistency with evidence of her activities of daily living—applies with equal force to the lay testimony. *See id*. at 1122.

**AFFIRMED.**